**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STANLEY CATERBONE,** : | Civil No. 1:16-CV-2513 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **NATIONAL SECURITY AGENCY,** : | |
| et al., : | |
| **Defendants** : | |

**REPORT AND RECOMMENDATION**

**I.  Statement of Facts and of the Case**

Stanley Caterbone is a resident of Lancaster County, a county located within the venue of the United States District Court for the Eastern District of Pennsylvania. Caterbone is also a prodigious *pro se* litigant, who has frequently brought claims and lawsuits in the United States District Court for the Eastern District of Pennsylvania. See, e.g., In re Caterbone, 640 F.3d 108 (3d Cir. 2011); Caterbone v. Lancaster County Prison, 293 F. App'x 867 (3d Cir. 2008).  Thus, Caterbone has often been a litigant in the United States District Court for the Eastern District of Pennsylvania and the allegations which he makes in this, and his prior cases, have all involved matters occurring within the jurisdiction and venue of that court.  Nonetheless, Caterbone has

filed the instant case in this Court. (Doc. 1.) Caterbone's complaint is a rambling, confused, and confusing 181 page document, which is accompanied by a similarly prolix 177 page motion for preliminary injunction. (Doc. 5.) In these pleadings, Caterbone names 16 individual and institutional defendants. These defendants range from a Lancaster county police detective to federal national security agencies like the NSA, CIA, and FBI. (Id.)

After identifying this vast array of defendants, Caterbone engages in an extended exegesis, detailing what he believes to have been long-standing mind control experiments by government officials, as well as other alleged invasions of privacy conducted by the government over the past 70 years. (Id.) Caterbone then complains that he has been the subject of involuntary telepathy conducted by the various defendants, and sues to bring this telepathy to a halt. Thus, Caterbone seeks to invoke the jurisdiction of this Court to silence the voices which he hears inside his head due to what he regards as telepathic experiments by government officials and agencies. (Id.) Caterbone's complaint plainly identifies the plaintiff as a resident of Lancaster County, and names numerous individual and institutional defendants who reside in Lancaster County. Moreover, the telepathic experiences described by Caterbone appear to have taken place within Lancaster County. Thus, all of the events complained of by Caterbone appear to have taken place within the venue and

jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Along with his complaint, and motion for preliminary injunction, Caterbone filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) We granted Caterbone's motion for leave to proceed *in forma pauperis*, but recommended that this case be dismissed, and Caterbone's motion for preliminary injunction be denied. (Doc. 7.) In this report and recommendation we observed that Caterbone's complaint was fundamentally flawed in that it: (1) was brought in the wrong venue; (2) involved many allegations which fell far beyond the two-year statute of limitations; (3) the complaint, as drafted, violated Rules 8 and 12(b)(1); and (4) a number of the claims against the state and federal defendants were potentially barred by both the Eleventh Amendment and the doctrine of sovereign immunity.

Caterbone has now responded to this report and recommendation by filing a motion to reconsider along with 92 pages of attachments. (Doc. 8.) While this motion seeks reconsideration of the report and recommendation, the averments made in the motion simply confirm and underscore that this case is properly brought in the United States District Court for the Eastern District of Pennsylvania, reaffirm that many of the matters described by Caterbone are time-barred; and reiterate that aspects of the complaint are subject to dismissal because they "rely on fantastic scenarios

lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir.2009). In particular, Caterbone's assertions that he is the subject of wide-ranging telepathic intrusions by multiple government agencies, and his suggestion that these telepathic practices have spanned decades, remain "allegations . . . 'so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

For the reasons set forth below, we recommend that this motion to reconsider be denied.

**II.    Discussion**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

...

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: 1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: 1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See

Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these exacting benchmarks, Mr. Caterbone's motion to reconsider fails as a matter of law. At the outset, we note that, beyond disputing the characterization of his litigative success in other courts, a matter which is not central to our report and recommendation, the plaintiff does not allege in this motion that this decision should be reconsidered because of a supervening change in the law. Nor does he allege new facts. Instead, he simply argues that we have erred in our consideration of these legal and factual matters. Therefore, in large measure, Mr. Caterbone attempts to use this motion as a tool to re-litigate and reargue issues which have already been considered by the court, something which courts condemn. Dodge, 796 F.Supp. at 830.

Furthermore, the assertions made by Mr. Caterbone seem to simply confirm that this case should be dismissed. Thus, Mr. Caterbone continues to allude to matters which fall beyond the two-year statute of limitations. Mr. Caterbone also seems to reaffirm that this alleged involuntary telepathy which he claims took place in his case occurred outside the venue of this Court. Further, in fantastic nature of many of Caterbone's factual averments, which involve a sweeping governmental conspiracy to target he plaintiff for involuntary telepathy, remain unchanged. Since

the essential quality of Mr. Caterbone's complaint remains both unchanged, and deeply flawed, our recommendation also remains unchanged– this complaint should be dismissed with prejudice and this motion to reconsider, (Doc. 8.), should be denied.

### III.   Recommendation

Accordingly, IT IS HEREBY RECOMMENDED THAT the Court DENY Caterbone's motion to reconsider.  (Doc. 8.)

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of January, 2017.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
